IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 11-34 |
| v. | ) | CV 17-21 |
| | ) | |
| GREGORY GARRETT BROWN | | |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to one Count of mailing threatening communications, in violation of 18 U.S.C. § 876.[1] On November 10, 2014, he was sentenced to thirty months of imprisonment, followed by a two-year term of supervised release. Defendant did not take an appeal. On January 5, 2017, he filed a Motion to Set Aside Guilty Plea, and on January 24, 2017, he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. Following Miller notice, Defendant supplemented his Motion to Vacate. Further, Defendant filed a document, entitled "Informal Motion to Settle the Above Captioned Matter," which was docketed in this Court as a Notice.

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show

---

[1] Judge Lancaster, Judge Cohill, and then Judge Cercone presided over this matter until it was transferred to my docket on February 2, 2018.

1

conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record. Furthermore, I have considered Defendant's petitions according to the liberal standards afforded pro se litigants.

Each of the pending Motions rests on broad and sweeping contentions regarding the legality of these proceedings and governmental authority. For example, Defendant asserts that all guilty pleas are unconstitutional, and suggests that because he is reclaiming his body to be in the divine trust, the case against him must be dismissed. These contentions are either plainly incorrect under well-established legal principles, or not cognizable in a habeas proceeding. Moreover, Defendant's Motion was filed more than one year after his judgment became final, and thus is time-barred under 28 U.S.C. 2255(f). Defendant's submissions suggest none of the possible grounds for extending or altering the applicable time frame. For these reasons, Defendant's Motions [92, 94, 97] must be denied. To the extent that his "Informal Motion" [111] seeks relief from this Court, such relief is denied.

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Defendant has made no such showing here, and no certificate of appealability shall issue.

AND NOW, this 12th day of April, 2018, IT IS SO ORDERED.

BY THE COURT:

_/s/ Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court